Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL IV

| | | |
|---|---|---|
| EDUARDO MORALES COLBERG<br><br>Recurrido<br><br>V.<br><br>YAHAIRA BONILLA RAMOS<br><br>**Iris Ramos Almodóvar Peticionaria** | KLAN202301033 | *Apelación* acogida como ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.:<br>F CU2002-0010<br><br>Sobre:<br>Custodia y Relaciones Filiales |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

La parte peticionaria, Iris Ramos Almodóvar (Sra. Ramos Almodóvar), solicita la revocación de la resolución emitida el 13 de septiembre de 2023, notificada el 19 de septiembre de 2023, por el Tribunal de Primera Instancia, sala de Carolina. Mediante el referido dictamen, el foro primario redujo provisionalmente la pensión alimentaria impuesta al recurrido, Eduardo Morales Colberg (Sr. Morales Colberg o recurrido) eliminando las partidas de pago de mensualidad del colegio, tutorías y aportación de gastos extraordinarios.

El 6 de diciembre de 2023, este tribunal emitió *Resolución* en la que acogió el recurso de apelación presentado como un *certiorari,* por ser lo procedente en derecho[1]. Examinado el recurso, así como

---

[1] El recurso de *certiorari,* no suspende los procedimientos, salvo orden en contrario.

Número Identificador

RES2023 _____

los documentos que conforman el apéndice, prescindimos de la comparecencia de la parte recurrida[2] y denegamos la expedición del auto de *certiorari.*

I.

A.

La Sra. Ramos Almodóvar es la abuela materna del menor D.E.M.B., quien es hijo del recurrido, Sr. Morales Colberg. La Sra. Ramos Almodóvar ostenta la custodia del menor en virtud de la *Resolución* emitida el 17 de julio de 2018 por el foro de instancia[3]. Mediante *Resolución Enmendada*, emitida el 25 de junio de 2019, notificada el 23 de septiembre de 2019, el foro primario fijó al Sr. Morales Colberg una pensión alimentaria permanente (básica y suplementaria) de $207.69 semanal, para beneficio del menor, efectiva al 1 de marzo de 2019.[4] En resumen, la resolución dispone que el Sr. Morales Colberg pagará directamente la mensualidad del colegio y las tutorías. Para ello retendrá $475.00 mensuales (pago de mensualidad anualizado) y $150.00 (que es el pago de tutorías anualizado). La cantidad restante de $900.00 será pagada directamente por orden de retención a la Sra. Ramos Almodóvar. También, el Sr. Morales Colberg pagará el 77% de los gastos extraordinarios no recurrentes.[5] La resolución consigna que el menor se beneficiaba del plan médico del Sr. Morales Colberg.

B.

El 28 de febrero de 2023, el Sr. Morales Colberg presentó una *Urgentísima moción en solicitud de rebaja de pensión y sobre colegio*

---

[2] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho.  4 LPRA Ap. XXII-B, R. 7(B)(5).

[3] Véase, apéndice del recurso págs. 96-98.

[4] Dicha resolución fijó a la madre no custodio (Sra. Bonilla) la cantidad de $477.21 mensual para beneficio del menor, efectiva al 1 de marzo de 2019.

[5] La madre no custodio (Sra. Bonilla) responde por el 23% de los gastos extraordinarios no recurrentes.

*del menor*[6]. Informó que sus problemas de salud lo llevaron a acogerse al sistema de retiro de su trabajo en FedEx y a presentar una solicitud de incapacidad ante la Administración del Seguro Social. Alegó una reducción en su capacidad económica ya que comenzaría a recibir compensación por concepto de retiro en marzo o abril de 2024, y por una cantidad aproximada de $900.00. Expuso que perdería los beneficios de plan médico, lo cual afectaba directamente al menor. Por ello, el Sr. Morales Colberg señaló que no cuenta con la capacidad económica para sufragar los costos del colegio, por lo que desautorizó que el menor continuara matriculado en el Colegio Marista, ni en ningún otro colegio sin su consentimiento expreso y sin que se tome en consideración su capacidad económica actual.

El 17 de marzo de 2023, la Sra. Ramos Almodóvar presentó *Oposición a Urgente Moción en Solicitud de Rebaja de Pensión*[7]. Aseveró que el Sr. Morales Colberg renunció a su empleo de manera voluntaria, que éste ha presentado alegaciones sin evidencia que las sustenten, a saber, que no ha provisto evidencia médica que acredite que no puede trabajar, ni documento alguno que evidencie los trámites ante el seguro social.

Luego de varias incidencias procesales, el TPI refirió el asunto al Examinador de Pensiones Alimentarias (EPA)[8]. La vista quedó pautada para el 28 de junio de 2023, pero la misma fue transferida para el 7 de agosto de 2023, a solicitud de la Sra. Ramos Almodóvar[9].

El 7 de agosto de 2023, el Examinador de Pensiones Alimentarias (EPA), Lcdo. Joel I. Castro Pérez, suscribió un Informe en el que indicó que las partes no pudieron comparecer a la vista,

---

[6] Íd. págs. 87-89.
[7] Apéndice del recurso, págs. 84-86.
[8] *Íd.* pág. 65.
[9] *Íd.* pág. 57 y 64.

por lo que recomendó se reseñalara para el 4 de octubre de 2023. En su informe, el EPA mencionó la pensión vigente impuesta en el 2019. El foro de instancia reseñaló la vista de alimentos para el 4 de octubre de 2023.[10]

## C.

Así las cosas, el 10 de agosto de 2023, la Sra. Ramos Almodóvar presentó *Urgente Moción solicitando se desestime solicitud de rebaja de pensión alimentaria y otros extremos[11]*. En resumen, alegó que el padre redujo su capacidad productiva con el fin de eludir su capacidad de alimentar, y que conforme a los artículos 10 y 12 de las Guías Mandatorias, procedía que se le imputara el último salario devengado. Añadió que los ingresos recibidos por el padre no justificaban la solicitud de rebaja de pensión, por lo que solicitó que se dejara sin efecto el referido al EPA y se mantuviera la pensión fijada. El TPI emitió una *Orden*[12] en la que dejó sin efecto el señalamiento del 4 de octubre de 2023 ante el EPA y ordenó al Sr. Morales Colberg replicar la solicitud de desestimación de rebaja de pensión. Sobre el particular, tanto la moción de desestimación de rebaja de pensión, como la réplica eventualmente presentada por el Sr. Morales Colberg continúan pendiente de adjudicación del TPI.

Posteriormente, el 22 de agosto de 2023 el TPI celebró una vista en la que se discutieron varios asuntos, los cuales fueron recogidos en la *Minuta Resolución[13]* que se tomó de los procedimientos. En lo pertinente a la controversia ante nuestra consideración, el tribunal mantuvo su posición en lo relacionado al colegio del menor. Sobre el particular, la representante legal de la Sra. Ramos Almodóvar indicó que, si el colegio pagaba más, le

---

[10] Véase, *Orden* emitida el 8 de agosto de 2023, notificada el 14 de agosto de 2023, Apéndice del recurso, págs. 40-42.
[11] *Íd.* págs. 43-46.
[12] *Íd.* pág. 39.
[13] *Íd.* págs. 36-38. La Minuta Resolución fue notificada el 8 de septiembre de 2023.

correspondería pagarlo a la Sra. Ramos Almodóvar, por lo que solicitó que el Sr. Morales Colberg cumpliera con la pensión establecida, porque su representada asumió la responsabilidad respecto al colegio. Por su parte, la representante legal del Sr. Morales Colberg expresó que existe una orden del tribunal de que no se matriculara al menor en el Colegio Marista. Conforme surge de la minuta resolución, el Tribunal manifestó que dejó sin efecto la vista de revisión ante lo planteado por la Sra. Ramos Almodóvar y permaneció lo que estaba establecido. No obstante, la representante legal del Sr. Morales Colberg solicitó que se mantuviera pendiente la vista de revisión del 4 de octubre de 2023, en lo que el Tribunal atendía la réplica del Sr. Morales Colberg, la cual aún no había sido presentada al TPI. Escuchados los argumentos de las partes, el TPI ordenó notificar al salón 3-C del EPA para que dejara separado el espacio de la vista del 4 de octubre de 2023 para las partes, conforme en lo que examinaba la réplica que presentaría el Sr. Morales Colberg[14].[15]

El 5 de septiembre de 2023, el Sr. Morales Colberg presentó *Moción en cumplimiento de orden y sobre desistimiento sin perjuicio de rebaja de pensión.* Advirtió que la renuncia a su empleo obedeció a sus múltiples padecimientos físicos y mentales que se suman a su condición cardiaca. Desglosó las condiciones y los medicamentos, así como las liquidaciones de empleo y vacaciones. Por último, tomando en consideración la determinación del TPI en su orden del 17 de marzo de 2023, recogida en el informe enmendado del EPA de que no se autorizó matricular al menor en el Colegio Marista, y si se hacía no sería con cargo al Sr. Morales Colbert, sino que la Sra.

---

[14] *Íd.* pág. 38.
[15] El 29 de agosto de 2023, la Sra. Ramos Almodóvar presentó Moción de reconsideración, aclaratoria y solicitud de orden para que el EPA aclarara su informe del 7 de agosto de 2023 a los efectos de añadir la responsabilidad por gastos extraordinarios del padre que forma parte de la pensión fijada en el 2019. El 1 de septiembre de 2023, el TPI dictó orden al EPA para que corrigiera el informe del 7 de agosto de 2023.

Ramos Almodóvar asumiría los gastos de colegio, el Sr. Morales Colberg solicitó el desistimiento sin perjuicio de la rebaja de pensión. Al día de hoy, esa solicitud de desistimiento sin perjuicio no ha sido adjudicada por el foro primario.

Por su parte, el 8 de septiembre de 2023, el EPA emitió el Informe Enmendado de la vista de revisión celebrada el 7 de agosto de 2023 y concluyó que la orden que emitió el 17 de marzo de 2023 el TPI, en la que no autorizó a matricular al menor en el colegio con cargo al padre, tuvo el efecto de modificar la pensión alimentaria fijada al padre, aunque no se hubiera emitido resolución a tales efectos. Por tanto, recomendó una pensión provisional al padre de $207.69 semanales, efectiva al 1 de junio de 2023, y mantener la pensión de la madre en $477.21 mensual. Mantuvo el señalamiento de la vista para el 4 de octubre de 2023.

Luego, mediante *Resolución*[16] firmada el 13 de septiembre de 2023, y notificada el 19 de septiembre de 2023, el TPI acogió el informe enmendado del EPA e impuso al padre una **pensión alimentaria provisional** de $207.69 semanales, efectiva al 1 de junio de 2023, y mantuvo la pensión establecida el 1 de mayo de 2019 a la madre de $477.21 mensual. También mantuvo el señalamiento del 4 de octubre de 2023, para dilucidar finalmente lo relacionado a la pensión.

El 4 de octubre de 2023, la Sra. Ramos Almodóvar presentó *Moción de Reconsideración*[17]. Planteó que la pensión se redujo sin que se hubiera celebrado la vista. Añadió que no procede la rebaja porque no existe una merma de ingresos que la justifique. Solicitó que se reinstale la pensión fijada en el 2019.

El 11 de octubre de 2023, notificada el 18 de octubre de 2023, el TPI declaró No Ha Lugar la solicitud de reconsideración.

---

[16] *Íd.* págs. 7-10.
[17] *Íd.* págs. 2-6.

Inconforme, el 7 de noviembre de 2023, la Sra. Ramos Almodóvar acude ante este foro intermedio, y le imputa al TPI los siguientes señalamientos de error:

> A. Erró el TPI al no desestimar la solicitud de rebaja de pensión alimentaria del demandante apelado habiendo quedado probado que no tuvo una merma de ingresos y que no cumplía con los criterios establecidos en ley y jurisprudencia para ser acreedor de dicha rebaja.

> B. Erró el TPI al reducir la pensión alimentaria del demandante apelado sin la celebración de la vista ante la EPA en violación al debido proceso de la ley de la apelante

II.

El auto de *certiorari* es el vehículo procesal que permite a un Tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari. Caribbean Orthopedics v. Medshape et al., supra.*; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019). La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, injunctions de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Íd.

Ahora bien, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, supra, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, se justifica nuestra intervención. Estos criterios son:

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

III.

En apretada síntesis, la Sra. Ramos Almodóvar está en desacuerdo con la pensión provisional concedida al Sr. Morales Colberg, sin la celebración de una vista, donde se pudiera evaluar que éste, no es acreedor a tal rebaja.  Surge del expediente apelativo

que la vista para dilucidar finalmente la recomendación de la procedencia o no de la rebaja de pensión estuvo pautada para el 4 de octubre de 2023. Del expediente judicial no consta si la vista final de alimentos del 4 de octubre de 2023 se celebró o pospuso.

En adición, la referida vista estaba agendada en lo que el foro primario atendía los escritos de desestimación de rebaja de pensión presentados por la Sra. Ramos Almodóvar, así como el escrito de réplica y desistimiento de rebaja de pensión presentado por el Sr. Morales Colberg. Según mencionamos anteriormente, dichas mociones no han sido resueltas por el tribunal. Por lo que estamos todavía en una etapa en la que la determinación de rebaja de pensión no ha sido adjudicada de forma final, pues la resolución recurrida fija una pensión de carácter provisional al Sr. Morales Colberg.

Como antes mencionáramos, ante la etapa de los procedimientos y siendo un dictamen provisional, no intervendremos en estos momentos. **No obstante, nuestra abstención en intervenir no significa que estamos prejuzgando la procedencia o no de la reducción de la pensión alimentaria.** En su día y adjudicada finalmente la pensión correspondiente al Sr. Morales Colberg, cualquiera de las partes, que esté en desacuerdo con el dictamen del foro primario, podrá recurrir nuevamente ante nos.

IV.

A la luz de lo antes expuesto, denegamos la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón concurre con el resultado sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones